JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Sherwin-Williams Co. appeals from the trial court's decision granting summary judgment in favor of appellees Travelers Casualty Surety Co. (Travelers) and Century Indemnity Company (Century). Sherwin-Williams assigns the following errors for our review:
 {¶ 2} "I. The trial court erred in granting appellees' motion for summary judgment."
 {¶ 3} "II. The trial court erred in denying the Sherwin-Williams Company's motion for relief from judgment under Civ.R. 60(B)."
 {¶ 4} "III. The trial court erred in not granting the Sherwin-Williams Company a hearing on its motion for relief from judgment under Civ.R. 60(B)."
 {¶ 5} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.[1]
 {¶ 6} This case arises out of over one hundred contamination claims made by various federal, state, and private parties against Sherwin-Williams for its ongoing hazardous waste disposal activities arising from Sherwin-Williams' routine disposal of hazardous wastes generated during the course of its manufacturing operations.[2]
 {¶ 7} Travelers and Century issued general liability insurance polices to Sherwin-Williams from 1980 to 1985. Each of the policies contains an endorsement that potentially provides "personal injury" coverage for certain "offenses" committed by Sherwin-Williams in conducting its business. The endorsement provided that it would defend and indemnify Sherwin-Williams for:
 {¶ 8} "all sums which the insured shall become legally obligated to pay as damages because of injury (herein called `personal injury') sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured's business:
 {¶ 9} "Group A-False arrest, detention or imprisonment, or malicious prosecution.
 {¶ 10} "Group B-The publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right to privacy; except publications or utterances in the course or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the named insured.
 {¶ 11} "Group C-wrongful entry or eviction, or other invasion of the right of private occupancy."
 {¶ 12} The policies also each contained a pollution exclusion clause, which stated coverage was barred for:
 {¶ 13} "bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."
 {¶ 14} Sherwin-Williams demanded coverage from Travelers and Century for the environmental contamination claims. Travelers and Century both denied the claims based on the pollution exclusion clause contained within the policies. Sherwin-Williams thereafter filed a declaratory judgment action seeking coverage under "Group-C" of the personal injury endorsement of the policies. Travelers and Century filed a joint motion for summary judgment, which Sherwin-Williams opposed.
 {¶ 15} The trial court granted summary judgment in favor of Travelers and Century, stating: "The court finds that the personal injury endorsements contained in the insurance policies at issue do not provide coverage for the environmental pollution claims brought against plaintiff Sherwin-Williams Co."[3]
 {¶ 16} In its first assigned error, Sherwin-Williams argues the trial court erred by granting summary judgment in favor of Travelers and Century. Sherwin-Williams contends the pollution exclusion clause does not preclude coverage because it does not apply to personal injuries listed under the personal injury endorsement.[4]
 {¶ 17} We consider an appeal from summary judgment under a de novo standard of review.[5] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[6] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[7]
 {¶ 18} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[8] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[9]
 {¶ 19} A policy of insurance is a contract between the insurer and the insured; therefore, the rules of contract law are applied in interpreting and construing insurance policies.[10] In interpreting the language of an insurance policy, the word and phrases contained in the policy are to be given their plain and ordinary meaning unless there is language in the contract that would indicate a contrary intention.[11]
 {¶ 20} If the language contained in an insurance policy is clear and unambiguous, courts cannot alter the provisions of the policy and may not stretch or constrain unambiguous provisions to reach a result not intended by the parties.[12] However, where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.[13] Additionally, courts must read insurance policies as a whole and give effect to all of the policy's provisions rather than interpreting particular sections in isolation.[14]
 {¶ 21} The proper construction of an insurance policy containing both a pollution exclusion and a personal injury provision has never been expressly decided under Ohio Law.[15] However, a number of courts in other jurisdictions have addressed the issue and have concluded that a policy containing a pollution exclusion clause does not provide coverage for pollution-related property damage under the policy's personal injury provision.[16]
 {¶ 22} A review of the pollution exclusion clause in the instant case indicates that by its express terms, the clause only applies to "bodily injury" and "property damage." It does not specifically exclude personal injury caused by pollution.[17] However, we conclude, although the pollution exclusion clause does not expressly cover personal injuries, the claims asserted by Sherwin-Williams do not constitute claims that would come within the policies' personal injury coverage.
 {¶ 23} The personal injury endorsement restricts coverage to injuries arising from specifically listed offenses, which all involve intentional tortious conduct against a person. The enumerated offenses include "false arrest," "malicious prosecution," "libel," "slander," and "wrongful entry or eviction or other invasion of the right to private occupancy." Sherwin-Williams argues the offenses, "wrongful entry or eviction or other invasion of the right to private occupancy" provide coverage for the damage caused by Sherwin-Williams' routine disposal of hazardous waste during its manufacturing operations. We disagree.
 {¶ 24} The torts of "wrongful entry" and "invasion of the right to private occupancy," requires some purposeful intent by the alleged tortious actor that is absent from harm arising from the gradual spread of pollution. These offenses are listed among other enumerated offenses which all require a purposeful act. Therefore, reading "wrongful entry" and "invasion of the right to private occupancy" within the context of the list, this type of coverage is designed to cover claims arising from the improper physical entry of a person onto property owned or occupied by another, not the costs of clean up for hazardous materials in the soil and groundwater. These torts refer only to harm to persons arising from entry onto an occupant's property with the intent to dispossess the occupant of its property rights.
 {¶ 25} The New York appellate court in Columbia Cty. v.Continental Ins. Co.[18] reached a similar conclusion in analyzing almost identical language to the endorsement in the instant case, explaining:
 {¶ 26} "*** the coverage under the personal injury endorsement provision in question was intended to reach only purposeful acts undertaken by the insured or its agents. Evidence that only purposeful acts were to fall within the purview of the personal injury endorsement is provided, in part, by examining the types of torts enumerated in the endorsement in addition to the wrongful entry, eviction and invasion ***. Read in the context of these other enumerated torts, the provision here could not have been intended to cover the kind of indirect and incremental harm that results to property interests from pollution."[19]
 {¶ 27} In the instant case, the parties do not dispute that Sherwin-Williams did not intend to cause damage to the property surrounding the disposal area. Therefore, the requisite intent to recover under the personal injury endorsement is absent.[20]
 {¶ 28} Further, we conclude "wrongful entry/eviction" and "invasion of private occupancy" do not apply to damage caused to the environment by long-term waste disposal. As the California appellate court in Titan Corp. held, "we interpret the coverage afforded by the personal injury portion of the policy as being limited to damages other than the injury to realty which an occupier of land may suffer when his quiet enjoyment of occupancy is disturbed."[21] A review of Ohio case law reveals that a claim for "wrongful entry" relates to eminent domain cases where a person is dispossessed of property without compensation from the government.[22] Therefore, at a minimum, in construing wrongful entry cases, a possessory interest must be involved.
 {¶ 29} Similarly, "invasion of right to private occupancy" requires a possessory interest be involved. The name itself, implies some infringement on possessory rights as it states "occupancy". Furthermore, applying the doctrine of ejusdem generis, in which general terms following a specific classification are construed to include only those things of equal or inferior rank to the enumerated class, "invasion of right to private occupancy" is limited by the terms "wrongful entry" and "eviction" that precede it.[23]
 {¶ 30} Viewed as a whole, the policy in the instant case clearly states that property damage caused by pollution is not covered. Sherwin-Williams cannot recharacterize its claims that concern clear instances of property damage as personal injury in order to avoid the pollution exclusion language. To do so would essentially render the pollution exclusion clause meaningless as all pollution claims could be easily couched in terms of a wrongful entry on property as defined by Sherwin-Williams.[24] Insurance contracts should be interpreted in a way that renders all the provisions meaningful and not mere surplusage.[25]
 {¶ 31} Although Sherwin-Williams has cited cases in support of its argument that the exclusion does not apply to the personal injury endorsement and that pollution damages are covered under the torts of wrongful entry and invasion of private occupancy, these cases do not follow the trend of the majority of the courts, which find that no coverage exists.
 {¶ 32} Furthermore, several of the cases cited by Sherwin-Williams in support of its argument are distinguishable in that they involve situations where the pollution exclusion did not apply regardless of the type of injury claimed, or did not contain a pollution exclusion clause. For example in Titan Holdings Syndicate, Inc. v. Keene[26], the court, applying New Hampshire law, concluded the pollution exclusion did not apply because noises, bright lights and odors were not pollutants within the meaning of the policy.[27] This is distinguishable from the instant case, where there is no dispute that pollutants were involved.
 {¶ 33} In Martin Marietta Corp. v. Ins. Co. of N. Am.,[28] the court found that coverage for environmental pollution claims potentially existed under the policy's personal injury provisions, but only because the insurance policy did not contain a pollution exclusion clause.[29]
 {¶ 34} Several of the cases relied upon by Sherwin-Williams were also implicitly overruled because the federal court failed to predict the state law analysis of the policy language. For instance, in Gould Inc.v. Arkwright Mut. Ins.[30] and Napco, Inc. v. Fireman's Fund Ins.Co.,[31] where the federal court applied Pennsylvania law, the federal court opinions were not adhered to by a later opinion by the Pennsylvania Superior Court, which found no coverage was provided, because to permit coverage would emasculate the pollution exclusion clause.[32] Similarly, the caseScottish Guarantee Ins. Co. v. Dwyer[33] on which Sherwin-Williams also relies has not been adopted by the state whose law it claims to predict, Wisconsin.[34]
 {¶ 35} Sherwin-Williams' first assigned error is overruled.
 {¶ 36} Sherwin-Williams' second and third assigned errors regarding the trial court's failure to grant its Civ.R. 60(B) motion based on lack of service, are moot. This court permitted the appeal from the trial court's reissued journal entry and denied Travelers' and Century's motion to dismiss the appeal on these grounds. We therefore need not address these assigned errors.[35]
Judgment affirmed.
Michael J. Corrigan, P.J., and Ann Dyke, J., concur.
[1] Travelers and Century filed a motion to dismiss this appeal based on lack of jurisdiction arguing Sherwin-Williams did not file its notice of appeal until several months after the trial court issued its order granting Travelers' and Century's joint motion for summary judgment. Sherwin-Williams opposed the motion arguing due to lack of service, the trial court reissued the notice of the journal entry pursuant to Civ.R. 58 and an appeal was properly filed within the time limit thereafter. This court on June 16, 2003, issued an order denying the motion to dismiss; consequently, we hold the appeal was timely filed.
[2] Although the parties conceded at oral argument that the property owners have only submitted claims to Sherwin-Williams and have not filed complaints, Sherwin-Williams is seeking coverage under the Travelers/Century policies for these claims. Both parties agreed at the trial court to submit to it one issue for resolution, i.e., whether the environmental exclusion clause applies to personal injury claims that might exist in the claims against Sherwin-Williams. The parties argue that this issue is appropriate for resolution by this court, and we agree.
[3] Journal Entry, November 22, 2002.
[4] Although Travelers and Century contend the Law of the Case doctrine applies, preventing litigation of this issue, we do not agree. It appears in the prior case, which was voluntarily dismissed in part and then refiled as the instant case, the issue of whether the personal injury endorsement provided coverage was not addressed. Sherwin-Williams attempted to raise the issue in its amended complaint, however, the motion to amend the complaint was never ruled upon because the trial court granted summary judgment based on other grounds. Therefore, this issue was not before the trial court when it issued its prior judgment.
[5] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[6] Id. at 192, citing Brown v. Sciotio Bd. of Commrs. (1993),87 Ohio App.3d 704.
[7] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[8] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[9] Id. at 293.
[10] Gomolka v. State Auto Mut. Ins. Co. (1982), 70 Ohio St.2d 166.
[11] Olmstead v. Lumbermens Mut. Ins. Co. (1970), 22 Ohio St.2d 212,216.
[12] Gomolka, at 168.
[13] King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,211.
[14] Foster Wheeler Enviroresponse, Inc. v. Franklin Cty. ConventionFacilities Auth. (1997), 78 Ohio St.3d 353, 362.
[15] In Morton International, Inc. v. Aetna Cas. Sur. Co.,
(1995), 106 Ohio App.3d 653, the First District, relying on Washington law, found the pollution exclusion excluded environmental claims under the personal injury endorsement.
[16] Lakeside Non-Ferrous Metals, Inc. v. Hanover Ins. Co. (C.A. 9, 1999), 172 F.3d 702; Dryden Oil Co. of New England v. Travelers IndemnityCo. (C.A. 1, 1996), 91 F.3d 278; Harrow Products, Inc. v. Liberty Mut.Ins. Co. (C.A. 6, 1995), 64 F.3d 1015; Gregory v. Tennessee Gas PipelineCo. (C.A. 5, 1991), 948 F.2d 203; Delray Beach v. Agricultural Ins. Co.
(S.D. Florida, 1994), 936 F. Supp. 931; County of Columbia v. ContinentalIns. Co. (1994), 612 N.Y.S.2d 345; Legarra v. Federated Mut. Ins. Co.
(1995), 35 Cal.App.4th 1472; O'Brien Energy Systems, Inc. v. Am.Employers' Ins. Co. (1993), 427 Pa. Super. 456; Titan Corp. v. AetnaCas. and Surety Co. (1994), 22 Cal.App.4th 457; Union Oil Co. of Cal. v.Internatl. Ins. Co. (1995), 37 Cal.App.4th 930; Buell Indus. Inc. v.Greater New York Mut. Ins. Co., (2002), 791 A.2d 489, 510-511.
[17] We reject, however, Sherwin-Williams' contention that because the exclusion exists in a separate part of the insurance policy, it does not apply to the endorsement. Havens Emerson (1994), Cuyahoga App. No. 65507.
[18] Columbia Cty. v. Continental Ins. Co. (1994), N.Y.2d 618 at 627.
[19] Id.
[20] See, also, Dryden Oil Co. of New England, 91 F.3d at 278
("wrongful entry or eviction or other invasion of the right to private occupancy" are restricted to landlords and tenants); City of DelrayBeach, 936 F. Supp. at 931 ("`wrongful entry' and `eviction' imply an interference with a possessory right *** [and] when read in context, the phrase `other invasion of private occupancy' means an offense tantamount to wrongful entry or eviction and requires an impingement of possessory rights"); Harrow Products, Inc., 64 F.3d at 1015; Buell Indus. Inc. v.Greater New York Mut. Ins. Co., 791 A.2d at 510-511 ("personal injury provisions were intended to reach only intentional acts by the insured" and thus did not provide coverage for pollution related claims.)
[21] Titan Corp., 27 Cal.Rptr.2d at 486.
[22] Raymond v. Toledo, St. L. K.C.R.R. Co., (1897),57 Ohio St. 271; Pittsburgh W.R.R. Co. v. Perkins, (1982),49 Ohio St. 326.
[23] Columbia Cty., 595 N.Y.S.2d at 991; Buell, 791 A.2d at 489; RedBall Leasing Inc. v. Hartford Accident Indem. Co. (C.A. 7, 1990),915 F.2d 306, 312.
[24] Legarra, 35 Cal.App.4th at 1483; County of Columbia,83 N.Y.2d at 627; Harrow Products, Inc., 64 F.3d at 1024; Lakeside Non-Ferrous Metals,Inc., 172 F.3d at 704; O'Brien Energy Systems, Inc.,427 Pa. Super. at 469; Titan Corp., 22 Cal.App.4th 457 at 474.
[25] Wurth v. Ideal Mut. Ins. Co. (1987), 34 Ohio App.3d 325, 329;Hnanicek v. American Select Ins. Co. (Feb. 9, 1995), Cuyahoga App. No. 66627.
[26] (C.A. 1, 1990), 898 F.2d 265.
[27] Id. at 268-269.
[28] (1995), 40 Cal.App.4th 1113.
[29] Id. at 1125-1128.
[30] (M.D. Pa, 1993), 829 F. Supp. 722.
[31] (W.D. Pa, 1991), Case No. 90-0993.
[32] O'Brien Energy Sys., Inc. v. Am. Employers' Ins. Co. (PA. Super. Ct. 1993), 629 A.2d 957, 963-964.
[33] (C.A. 7, 1994), 19 F.3d 307.
[34] Production Stamping Corp. v. Maryland Cas. Co. (Wis.Ct.App. 1996), 544, N.W.2d 584, 587-588; Robert E. Lee Assoc. v. Peters
(Wis.Ct.App., 1996), 557 N.W.2d 457.
[35] App.R. 12(A)(1)(c).