ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Tenable Protective Services, Inc. ("Tenable"), appeals the rulings of the common pleas court, which denied its motion for declaratory judgment and granted in part a motion for summary judgment in favor of appellee, Catholic Charities Health and Human Services ("CCHHS"). Upon review of the record and the arguments of the parties, we affirm.
 {¶ 3} On April 19, 2001, Tenable and CCHHS entered into a binding contract (hereafter "Agreement"). The Agreement called for Tenable to provide CCHHS with law enforcement personnel and security services for designated locations in the Cleveland area, including the Bishop Cosgrove Center (the "Center"). The Center provides services for the homeless and overnight services for homeless women.
 {¶ 4} In 2003, CCHHS hired William Singleton ("Singleton"). On July 28, 2003, an incident occurred involving Singleton and Deputy James Karl ("Karl"), a security officer employed by Tenable. On that date, Singleton entered the Center while Karl was providing law enforcement services there. Karl became aware of Singleton's presence in the Center and was suspicious of him. After attempting to verbally compel Singleton to leave the shelter, Karl used force to escort him out of the building. As a result, Singleton filed suit[1] against Tenable alleging that he was injured due to unreasonable force by Karl, an employee of Tenable within the scope of his employment.
 {¶ 5} After Singleton had filed his action against Tenable, Tenable filed a complaint against CCHHS for declaratory judgment. Tenable's claim for declaratory judgment demanded that CCHHS defend and indemnify Tenable in its litigation with Singleton. Tenable based its assertions upon the contractual language in the Agreement which read:
 {¶ 6} "12. INDEMNITY: Tenable and its subsidiaries shall not be held liable for any acts, omissions, or negligence arising from this Agreement. Client [CCHHS] agrees to indemnify and hold harmless Tenable from any and all liability, damages, costs, or expense arising from Tenable's performance of the duties assigned under this contract." (Agreement, p. 3.)
 {¶ 7} On March 21, 2005, Tenable filed a motion for declaratory judgment. Also on March 21, 2005, CCHHS filed a motion for summary judgment arguing that under the pertinent terms of the contract, CCHHS owed no duty to indemnify until Tenable had procured, maintained, and exhausted $1,000,000 of liability insurance. CCHHS based its argument upon the contractual language in the Agreement, which read:
 {¶ 8} "9. INSURANCE: Tenable shall procure and maintain liability and property damage insurance coverage in coverage in connection with the services to be provided hereunder in the amount of $1,000,000.00." (Agreement, pp. 2-3.)
 {¶ 9} On June 20, 2005, the trial court ruled on the competing motions of the parties, entering declaratory judgment as follows:
 {¶ 10} "(1) This Court declares that Defendant [CCHHS] does have a duty to indemnify or defend Plaintiff Tenable Protective Services against the claims asserted against Plaintiff in theSingleton case.
 {¶ 11} "(2) However, this Court further declares that Plaintiff is required to exhaust the $1,000,000.00 in liability and property damage insurance coverage, which Plaintiff was required to procure and maintain under Paragraph 9 of the Agreement, before Defendant is obligated to indemnify or defend Plaintiff from any liability, damages, costs, or expenses arising from Plaintiff's performance of the duties assigned under the contract.
 {¶ 12} "(3) Hence, this Court declares that Plaintiff must exhaust the $1 million insurance policy before Defendant is required to indemnify or defend Plaintiff against the claims pending in the Singleton case." (Order and Opinion, p. 13.)
 {¶ 13} The trial court also denied Tenable's motion for declaratory judgment based upon the facts and conclusions found pursuant to CCHHS's motion for summary judgment.
 {¶ 14} Tenable appeals the rulings of the trial court, citing two assignments of error.
 {¶ 15} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTA-PPELLEE'S UNSUPPORTED MOTION FOR SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACT REMAINED IN DISPUTE."
 {¶ 16} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 17} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 18} In Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied inWing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of factor material element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 19} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990),71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 20} In the case at bar, the trial court based its summary judgment findings upon contractual interpretation. "It is axiomatic that the interpretation of a contractual provision [is] an issue of law which is properly adjudicated through summary judgment." Novosel v. Gusto, Inc. (1998), Cuyahoga App. No. 73575. Furthermore, the construction of written contracts is a matter of law. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 7 Ohio Op.3d 403, 374 N.E.2d 146. "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument. [Alexander, supra at paragraph two of the syllabus]. Words and phrases used must be given their natural and commonly accepted meaning, where they possess such meaning, to the end that a reasonable interpretation of the contract consistent with the apparent object and plain intent of the parties may be determined. Gomolka v. State Auto Mutl. Ins. Co.
(1982), 70 Ohio St.2d 166, 167-168, 24 Ohio Op.3d 274,436 N.E.2d 1347." Curtis v. Am. Energy Development, Inc., Lake App. No. 2000-L-133, 2002-Ohio-3122.
 {¶ 21} In making its final ruling, the trial court viewed the plain language of the contractual provisions at issue in this matter and held that the only reasonable interpretation of the provisions, as read within the entirety of the Agreement, was that CCHHS did have a duty to indemnify or defend Tenable in theSingleton case. However it further held that Tenable was required to procure, maintain and exhaust $1 million in liability insurance before CCHHS would be obligated to indemnify or defend. Upon review of the record, we agree.
 {¶ 22} The pertinent provisions of the Agreement at issue are paragraphs 9 and 12, both previously cited above. Paragraph 9 outlines Tenable's insurance obligations under the Agreement, and Paragraph 12 outlines CCHHS's indemnification duties. Tenable contends that these two paragraphs provided mutually exclusive obligations, thus the trial court erred in finding that CCHHS's indemnification obligation does not arise until Tenable has satisfied its insurance obligation. The trial court rejected this argument, stating:
 {¶ 23} "[A]fter further examination of the two paragraphs, it becomes clear that the only reasonable interpretation is that Plaintiff [Tenable] is required to exhaust its mandatory liability and property damage insurance coverage before Defendant [CCHHS] is required to indemnify Plaintiff from liability. Paragraph 9 requires Plaintiff to procure liability and property damage insurance. * * *
 {¶ 24} "[I]f Defendant is required to indemnify and defend Plaintiff regardless of whether Plaintiff procured and/or exhausted the liability insurance coverage, Paragraph 9 will in effect become a nullity. The purpose for Paragraph 9 is to have an insurance carrier of Plaintiff's choosing indemnify and hold harmless Plaintiff to the extent of $1 million for any tort liability arising from Plaintiff's performance of the law enforcement and security services it is to provide for Defendant. The insurance provision was included in the Agreement for the benefit of Defendant. If Defendant were obligated to offer such indemnification prior to Plaintiff exhausting the $1 million policy, Paragraph 9 would serve absolutely no purpose. Indeed, Defendant would indemnify Plaintiff, while the $1 million policy would never be touched. This is simply not logical." (Order and Decision, pp. 9-10.)
 {¶ 25} We concur with the trial court's ruling. To sustain the contention that CCHHS owes a duty to indemnify or defend regardless of whether or not Tenable has met its insurance obligation, in light of the Agreement in its entirety, would render the Agreement's insurance provision meaningless. Contracts must be interpreted in a way that renders all provisions meaningful and not mere surplusage. Sherwin-Williams Co. v.Travelers Casualty Surety Co., Cuyahoga App. No. 82867,2003-Ohio-6039. Therefore, the trial court was not in error in its summary judgment/declaratory judgment ruling. Tenable's first assignment of error is overruled.
 {¶ 26} "II. THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION FOR DECLARATORY JUDGMENT."
 {¶ 27} Tenable filed its complaint for declaratory judgment prior to CCHHS's motion for summary judgment. Tenable sought to have declared (1) that it was entitled to indemnity from CCHHS; (2) that under the indemnity clause of the Agreement, CCHHS owed a duty to defend Tenable in the Singleton case; and (3) that under the indemnity provision, CCHHS was obligated to pay all sums which Tenable may become obligated to pay pursuant to theSingleton case. In light of its ruling on CCHHS's motion for summary judgment, the trial court dismissed Tenable's declaratory judgment claim. Tenable now argues that the trial court erred in this ruling.
 {¶ 28} This assignment of error is also without merit. In granting CCHHS's motion for summary judgment in part, the trial court also denied CCHHS's motion in part, while actually entering declaratory judgment finding essentially all that Tenable sought in its complaint and motion. The trial held that CCHHS owed a duty to indemnify or defend and owed that duty to Tenable in theSingleton case. The ruling that Tenable has issue with in the trial court's decision is the holding that this duty does not arise until Tenable fulfills its insurance obligation. Tenable's challenge to that finding has been overruled in its first assignment of error; therefore, its second assignment of error is also found to be without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, J., and Kilbane, J., concur.
[1] William Singleton v. Tenable Protective Services, et al.,
Cuyahoga County Common Pleas Court, Case No. CV-04-525355 (hereinafter "the Singleton case").