JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Our 3 Sons, Inc., dba Scorcher's Casual Eatery and Draft House ("Scorcher's"), appeals the trial court's ruling, which granted summary judgment in favor of insurer, Westfield Insurance Company ("Westfield"), pursuant to a declaratory judgment action. In granting summary judgment for Westfield, the trial court found that Westfield had no duty to defend or indemnify Scorcher's in a collateral civil action brought by Roger Bryan ("Bryan").[1] Upon review of the record and the arguments of the parties, we reverse and remand for further proceedings.
 {¶ 2} On the evening of May 1, 2004, Roger Bryan, along with some friends, patronized Scorcher's in North Royalton. While full discovery has not been conducted, the record before us indicates that at some point Bryan and his friends were asked by Scorcher's employees ("bouncers") to leave the establishment because of unruly behavior. A confrontation ensued, and Bryan was eventually escorted out by the bouncers. It is Bryan's contention that while he was being removed from the premises the bouncers physically abused him, causing serious injury.
 {¶ 3} On May 28, 2004, Bryan filed a civil action against Scorcher's alleging that he had been intentionally assaulted by Scorcher's employees. At the outset, Westfield hired lawyers to defend Scorcher's under a reservation of rights, but on November 12, 2004, Westfield filed a declaratory judgment action arguing that it was not required to defend or indemnify Scorcher's in the Bryan case. On June 28, 2005, Westfield filed a motion for summary judgment in its declaratory judgment action against Scorcher's.
 {¶ 4} In response to Westfield's motions, Scorcher's presented evidence that its bouncers had taken only those measures necessary to escort Bryan from the premises and that no unjustified assault occurred. Scorcher's offered the deposition of Stacie DiNunzio ("DiNunzio"), another patron of Scorcher's that night. She indicated that the bouncers did nothing wrong and that it was Bryan who was unruly and throwing punches.
 {¶ 5} Scorcher's also raised issues with Bryan's credibility through certain answers he gave in his deposition. Bryan admitted to being convicted in a summary court martial proceeding and dishonorably discharged for assisting with false federal tax returns; to having a previous conviction for disorderly conduct in a bar; and to having a conviction for driving while under the influence. Scorcher's also noted that no criminal charges had been brought against Scorcher's or its bouncers as a result of Bryan's allegations, in spite of Bryan's persistent attempts to have the authorities bring forth charges.
 {¶ 6} On December 6, 2005, the trial court granted Westfield's motion for summary judgment in its declaratory judgment action without holding an evidentiary hearing. Scorcher's appeals the trial court's ruling, arguing that there are genuine issues of material fact. Because their two assignments of error relate to the grant of summary judgment, we address them together for purposes of appeal.
 {¶ 7} "I. The decision of the trial court below granting summary judgment was contrary to law because allegations by an insurer against an insured described an `occurrence' within the meaning of an insurance policy between them, thereby requiring the insurer to defend and indemnify its insured.
 {¶ 8} "II. The decision of the trial court below granting summary judgment was contrary to law because there was a conflict in evidence of the existence of an intentional assault and battery committed by an insured that would exclude it from coverage under a policy of insurance."
 {¶ 9} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 10} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 11} In Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied inWing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 12} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 13} The central issue before this court is whether the lower court erred by finding that Westfield had no duty to defend Scorcher's and granting its motion for summary judgment. After review of the record, we find merit in appellant's claims that there are genuine issues of material fact.
 {¶ 14} The pertinent language of the insurance policy at issue states:
 {¶ 15} "This insurance applies to `bodily injury' and `property damage' only if:
 {¶ 16} "(1) The `bodily injury' or `property damage' is caused by an `occurrence' that takes place in the `coverage territory.'
 {¶ 17} "* * *
 {¶ 18} "2. Exclusions
 {¶ 19} "This insurance does not apply to:
 {¶ 20} "a. Expected or Intended Injury
 {¶ 21} "`Bodily injury' or `property damage' expected or intended from the standpoint of the insured. This exclusion doesnot apply to `bodily injury' resulting from the use of reasonableforce to protect persons or property." (Emphasis added.)
 {¶ 22} Westfield contends that the bouncers' actions leading to the Bryan case were intentional, thus they were excluded from coverage under the insurance agreement. The trial court agreed, stating:
 {¶ 23} "Under Defendant's insurance policy, Plaintiff has a duty to defend Defendant in any case in which bodily injury was caused by an `occurrence.' * * * Thus, in order to prevail on summary judgment, Plaintiff must show that (1) there is no genuine issue of any fact material to determining whether the alleged assault and battery was an occurrence; (2) that Plaintiff is entitled to judgment as a matter of law; and (3) that reasonable minds could only conclude that the alleged assault was not an `occurrence' as contemplated by Defendant's insurance policy.
 {¶ 24} "* * *
 {¶ 25} "The Court finds there is no genuine issue of material fact in regard to Defendant's actions during the altercation in question. Because Defendant's employees intentionally struck Mr. Bryan, they intended the injuries that naturally and reasonably resulted from striking Mr. Bryan. The Court concludes as a matter of law that the underlying assault and battery was not an `occurrence' as contemplated by Defendant's insurance policy. As a result, Plaintiff's motion for summary judgment should be and is hereby granted upon this ground."
 {¶ 26} We find this ruling by the trial court overreaching. The trial court found, without holding an evidentiary hearing, that there were no issues that could survive summary judgment; however, the underlying facts in the Bryan case were clearly in dispute. While Bryan alleged that the Scorcher's bouncers acted unjustifiably and intentionally assaulted him, Scorcher's disputes that representation. Scorcher's presented the depositions of Bryan and witness DiNunzio. This evidence supports Scorcher's position that the bouncers took only those measures necessary to escort an unruly patron out of the restaurant and calls into question Bryan's credibility.
 {¶ 27} The Ohio Supreme Court has held that, "where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim." Willoughby Hills v.Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, syllabus. Furthermore, if the language of the insurance policy is doubtful, uncertain, or ambiguous, the language will be construed strictly against the insurer and liberally in favor of the insured.Faruque v. Provident Life Acc. Ins. Co. (1987),31 Ohio St.3d 34, 31 Ohio B. 83, 508 N.E.2d 949.
 {¶ 28} Here, the insurance policy covers "occurrences," which the policy defines as an "accident." Because the policy does not define "accident," the term should be given its ordinary meaning.Nationwide Mut. Fire Ins. Co. V. Guman Bros. Farm (1995),73 Ohio St.3d 107. The trial court accepted, as do we, the following definition of "accident" as "an event proceeding from an unexpected happening or unknown cause without design and not in the usual course of things; an event that takes place without one's expectation; an undesigned, sudden and unexpected event; an event which proceeds from an unknown cause or is an unusual effect of a known cause and, therefore, unexpected." Am. StateIns. Co. v. Guillermin (1996), 108 Ohio App.3d 547, 556.
 {¶ 29} Scorcher's contends that in order for Westfield to prove that any alleged injury to Bryan was not an accident, Westfield would have to show that the bouncers acted intentionally and that an injury was intentionally or substantially certain to occur. Physicians Insurance Company ofOhio v. Swanson (1991), 58 Ohio St.3d 189. Westfield and the trial court disagreed with that interpretation of the policy; however, upon review of the policy, appellant's interpretation is at least plausible. In such a situation, we are directed by law to interpret the language in favor of the insured. Faruque v.Provident Life Acc. Ins. Co., supra.
 {¶ 30} Furthermore, the exclusions portion of the policy clearly states: "This exclusion does not apply to `bodily injury' resulting from the use of reasonable force to protect persons or property." Contracts must be interpreted in a way that renders all provisions meaningful and not mere surplusage.Sherwin-Williams Co. v. Travelers Casualty Surety Co.,
Cuyahoga App. No. 82867, 2003-Ohio-6039. If the language in the exclusions portion of the policy is to be meaningful, it must be allowed to stand for the proposition that reasonable actions taken by bouncers do not exclude Scorcher's from coverage.
 {¶ 31} Appellant argues that its bouncers simply used "reasonable force to protect persons or property." They further provided evidence indicating that their bouncers acted in a proper manner, and that any force that might have been used was accidental and reasonable. Therefore, it was error for the trial court to grant Westfield's motion for summary judgment because there are still genuine issues of material fact before the court.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anthony O. Calabrese, Jr., J., concurs;
 Patricia A. Blackmon, J., Dissents (With Separate DissentingOpinion).
[1] Although the underlying civil action (Case No. CV-531570) was voluntarily dismissed without prejudice on October 27, 2005, we do not find the instant case moot because the underlying case can be refiled on or before October 27, 2006. We refer herein to this action as "the Bryan case."
 DISSENTING OPINION